UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **SCOTT MITCHELL OUELLETTE,**<br><br>Plaintiff,<br><br>v.<br><br>**MICHIGAN DEPARTMENT OF CORRECTIONS PAROLE BOARD,** *et al.*,<br><br>Defendants. | 2:24-CV-10750-TGB-KGA<br><br>HON. TERRENCE G. BERG<br><br>**ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN** |

Plaintiff Scott Mitchell Ouellette is a Michigan state prisoner without a lawyer, incarcerated at the Marquette Branch Prison in Marquette, Michigan. Ouellette seeks injunctive relief and monetary damages against the Michigan Parole Board, its members, and the warden of Marquette Branch Prison, alleging their wrongful denial of his parole.

For the reasons below, the Court will **TRANSFER** this matter to the United States District Court for the Western District of Michigan for further proceedings.

## I. DISCUSSION

In civil actions where a federal court's jurisdiction is not based on the diversity of the parties, venue is proper in the following judicial district(s):

1) Any judicial district in which any defendant resides—provided that all defendants are residents of the State in which the district is located; or,

2) Any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or

3) Any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to the action—provided there is no district in which an action may otherwise be brought as provided above.

28 U.S.C. § 1391(b); *see also Al-Muhaymin v. Jones*, 895 F.2d 1147, 1148 (6th Cir. 1990).

Public officials "reside" in the county where they serve. *See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). When done in the interest of justice or for the convenience of parties and witnesses, a district court may transfer any civil action to any other district or division where that action could have been brought. *See United States v. P.J. Dick Inc.*, 79 F. Supp. 2d 803, 805–06 (E.D. Mich. 2000)(Gadola, J.); 28 U.S.C. § 1404(a). Moreover, a district court may transfer—sua sponte—the venue of a lawsuit for the convenience of parties or witnesses. *See Schultz v. Ary*, 175 F. Supp. 2d 959, 964 (W.D. Mich. 2001).

When considering a discretionary transfer of a civil case, district courts regularly consider the following factors:

1) Convenience of the witnesses;

2) Location of relevant documents and the relative ease of access to sources of proof;

3) Convenience of the parties;

4) Locus of the operative facts;

5) Availability of process to compel the attendance of unwilling witnesses;

6) Relative means of the parties;

7) Forum's familiarity with governing law;

8) Weight accorded the plaintiff's choice of forum; and

9) Trial efficiency and interests of justice, based upon the totality of the circumstances.

*Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000)(Gadola, J.).

As relevant to the present action, members of the Michigan Parole Board "reside" in, and the Parole Board's office is located in, Ingham County, Michigan. Similarly, the warden for Marquette Branch Prison "resides" in—and Ouellette is incarcerated at the Marquette Branch Prison based in—Marquette County, Michigan. Both Ingham County and Marquette County are within the Western District of Michigan.

Further, in cases where a plaintiff's claims may require testimony or files most easily obtained at or near the plaintiff's place of incarceration, "the district in which the institution is located will ordinarily be the more convenient forum." *See Joyner v. D.C.*, 267 F.

3

Supp. 2d 15, 20–21 (D.D.C. 2003)(quoting *Starnes v. McGuire*, 512 F.2d 918, 931 (D.C. Cir. 1974).

## II. CONCLUSION

Accordingly, Ouellette's action challenging the decisions being made regarding his parole eligibility will be transferred to the Western District of Michigan. Any decisions to grant or deny Ouellette's parole occurred in Ingham County, Michigan. The parties, witnesses, and records most necessary or potentially relevant to Ouellette's parole eligibility are more readily available within and easily accessible from the Western District of Michigan. *See Crew v. U.S. Parole Bd.*, 424 F. Supp. 411, 413 (E.D. Pa. 1976); *see also Moore v. Snyder*, No. 2:11-CV-10886, 2011 WL 1084994, at *2 (E.D. Mich. Mar. 24, 2011)*; Lapine v. Atterberry*, No. 06-12634, 2006 WL 2583121, at *1 (E.D. Mich. Sept. 5, 2006).

The Court **ORDERS** the Clerk of the Court to **TRANSFER** this case to the United States District Court for the Western District of Michigan under 28 U.S.C. § 1404(a).

**SO ORDERED.**

Dated: May 30, 2024           /s/Terrence G. Berg
                              HON. TERRENCE G. BERG
                              UNITED STATES DISTRICT JUDGE

4

## Certificate of Service

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served via electronic and/or ordinary mail.

Dated: May 30, 2024    By: /s/T. McGovern
                                    Case Manager

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge